IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| SARAGOZA GOMEZ AND ANITA GOMEZ, § § § Plaintiffs, § § v. § § WELLS FARGO BANK, N.A., § MORTGAGE ELECTRONIC § REGISTRATION SYSTEM, INC., AND § FIDELITY HOME MORTGAGE CORP., § Defendants. § | CIVIL ACTION NO. 7:17-cv-00118 |

**DEFENDANTS WELLS FARGO BANK, N.A. AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S NOTICE OF REMOVAL**

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Mortgage Electronic Registration Systems, Inc. ("MERS") hereby remove this action from the 139th Judicial District Court of Hidalgo County, Texas, to the United States District Court for the Southern District of Texas, McAllen Division, and as grounds for removal state as follows:

## I.   STATE COURT ACTION

1. On March 3, 2017, Plaintiffs Saragoza Gomez and Anita Gomez ("Plaintiffs") filed their Original Petition and Request for Temporary Restraining Order and Temporary Injunction ("Petition") in the 139th Judicial District Court of Hidalgo County, Texas, styled *Saragoza Gomez and Anita Gomez v. Wells Fargo Bank, N.A.*, *Mortgage Electronic Registration System, Inc., and Fidelity Home Mortgage Corp.*, Cause No. C-1011-17-C (the "State Court Action").

2. Plaintiffs assert claims relating to the real property located at 3000 Princeton Ave., McAllen, Texas 78504-1977 (the "Property"). *See* Pet. ¶ V. Plaintiffs allege that they

obtained a purchase-money loan in the amount of $108,000 secured by the Property. Plaintiffs contend that they were unable to make payments, requested a modification, and then received notice that the Property has been set for foreclosure on March 7, 2017. *See id.* Plaintiffs assert that Defendants have not made an effort to allow Plaintiffs to bring their account current "within Plaintiffs' financial needs." *Id.* Plaintiffs also assert that Defendants failed to fulfill the requirements of the "National Mortgage Settlement." *Id.* ¶¶ VII–VIII. Finally, Plaintiffs contend that Defendants lack standing to foreclose. *Id.* ¶ IX. Plaintiffs make no specific allegations as to MERS or Fidelity Home Mortgage Corp. *See generally id.*

3.  Based on these allegations, Plaintiffs appear to assert claims for (1) violations of the Deceptive Trade Practices-Consumer Protection Act, (2) breach of contract, (3) wrongful foreclosure, and (4) violations of the Texas Property Code. *Id.* ¶¶ VIII & XI. Plaintiffs request injunctive relief restraining a foreclosure sale, actual damages, and attorney's fees. *Id.* ¶ XII.

4.  Wells Fargo and MERS remove the State Court Action to this Court on the basis of diversity jurisdiction, as more fully described below.

## II.   PROCEDURAL REQUIREMENTS

5.  This action is properly removed to this Court because the State Court Action is pending within this district and division. 28 U.S.C. §§ 124(b)(7), 1441, 1446(a).

6.  This removal is timely because it is being filed within thirty days of the filing of the State Court Action. 28 U.S.C. § 1446(b).

7.  The consent of Defendant Fidelity Home Mortgage Corp. is not required for this removal because it has not been served according to the docket sheet in the State Court Action. *See* 28 U.S.C. § 1446(b)(2)(A). Upon information and belief, Defendant Fidelity Home Mortgage Corp. has forfeited its charter according to the Maryland Department of Assessments

& Taxation. Moreover, Defendant Fidelity Home Mortgage Corp. is merely a nominal defendant whose consent is not required. *See Acosta v. Master Maint. & Constr. Inc.*, 452 F.3d 373, (5th Cir. 2006). Plaintiffs do not assert any allegations or claims targeted solely at Defendant Fidelity Home Mortgage Corp. *See generally* Pet.

8. Pursuant to 28 U.S.C. § 1446(a) and Local Rule LR81, attached hereto as **Exhibit A** is a true and correct copy of the entire file from the State Court Action at the time of this removal.

9. Pursuant to 28 U.S.C. § 1446(d), Wells Fargo and MERS are simultaneously, with the filing of this Notice of Removal, (1) serving Plaintiffs with a copy of the Notice of Removal, and (2) filing a copy of the Notice of Removal in the 139th Judicial District Court of Hidalgo County, Texas. A copy of the Notice of Removal filed in the State Court Action is attached hereto as **Exhibit B**.[1]

### III.    DIVERSITY OF CITIZENSHIP

10. The Court has diversity jurisdiction in this matter. Where there is complete diversity among parties and the amount in controversy exceeds $75,000, an action may be removed to federal court. 28 U.S.C. §§ 1332(a), 1441(a). Complete diversity exists in this case because Plaintiff is not a citizen of the same state as Wells Fargo, MERS, and Defendant Fidelity Home Mortgage Corp. As shown below, the amount in controversy requirement is also satisfied.

**A.    Diversity of Citizenship**

11. Plaintiffs are citizens of Texas for purposes of diversity jurisdiction. *See* Pet. ¶ III.

---

[1] Wells Fargo and MERS have not included Exhibit 1 to the state court removal notice in Exhibit A because Exhibit 1 is a copy of the notice of removal filed in this Court.

12. Defendant Wells Fargo is a national banking association pursuant to federal law. The citizenship of Wells Fargo is determined solely by the location of its main offices, as designated in its articles of association. *See* 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). Wells Fargo's main office is located in South Dakota. Therefore, Wells Fargo is a citizen of South Dakota for diversity purposes. *See* 28 U.S.C. § 1348; *Schmidt*, 546 U.S. at 318.

13. Defendant MERS is considered a citizen of Delaware and Virginia for diversity purposes. A corporation is considered to be a citizen both of its state of incorporation and of its principal place of business. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88–89 (2005). At the time of filing and up through the filing of this Notice of Removal MERS has been, and is currently, a Delaware corporation with its principal place of business in Virginia. *See Clear v. JP Morgan Chase Bank, N.A.*, No. 10-10875, 2011 WL 1129574 at *2 (5th Cir. Mar. 28, 2011); *Anderson v. CitiMortgage, Inc.*, No. 4:13-cv-369, 2013 WL 5303800 at *1 (E.D. Tex. Sept. 20, 2013). Thus, MERS is a citizen of Delaware and Virginia for diversity purposes. *Roche*, 546 U.S. at 88–89.

14. Upon information and belief, Defendant Fidelity Home Mortgage Corp. is a citizen of Maryland for diversity purposes. Fidelity Home Mortgage Corp. is believed to be a Maryland Corporation with its principal place of business in Baltimore, Maryland. Thus, Fidelity Home Mortgage Corp. is a citizen of Maryland for diversity purposes. *Roche*, 546 U.S. at 88–89.

15. Because Plaintiffs are citizens of Texas, Wells Fargo is a citizen of South Dakota, MERS is a citizen of Delaware and Virginia, and Fidelity Home Mortgage Corp. is a citizen of Maryland, there is complete diversity among the parties. *See* 28 U.S.C. § 1332(a).

B.   **Amount in Controversy**

16.   The amount-in-controversy element is also satisfied. Where a defendant can show, by a preponderance of the evidence, that the amount in controversy is greater than the jurisdictional amount, removal is proper. *See White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675 (5th Cir. 2003); *see also St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 n.13 (5th Cir. 1998) ("The test is whether it is more likely than not that the amount of the claim will exceed [the jurisdictional minimum]."). The defendant can meet its burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000 or, alternatively, if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds $75,000. *E.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Greenberg*, 134 F.3d at 1253.

17.   Where a defendant can show, by a preponderance of the evidence, that the amount in controversy more likely than not exceeds the jurisdictional minimum, removal is proper. *See White v. FCI USA, Inc.*, 319 F.3d 672, 675–76 (5th Cir. 2003). A defendant can meet this burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds $75,000, exclusive of interest and costs. *See St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009). In this case, Plaintiffs seek actual damages of at least $200,000 and to enjoin a foreclosure sale of Defendants' lien against Property worth at least $102,155. *See* Pet., ¶¶ II, X, XII.

18.   "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Farkas v. GMAC*

*Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)); *Martinez v. BAC Home Loans Servicing*, 777 F. Supp. 2d. 1039, 1044 (W.D. Tex. 2010). Specifically, the *Farkas* Court held that: "[i]n actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy." *Farkas*, 737 F.3d at 341 (citing *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973)). Thus, "'[w]hen . . . a right to property is called into question in its entirety, the value of the property controls the amount in controversy.'" *Nationstar Mortg. LLC v. Knox*, 351 F. App'x 844, 848 (5th Cir. 2009) (quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961)); *see also Alsobrook v. GMAC Mortg., LLC*, 541 F. App'x 340, 342 n.2 (5th Cir. 2013); *Copeland v. U.S. Bank Nat'l Ass'n*, No. 11-51206, 485 F. App'x 8, 9 (5th Cir. 2012) (relying on the value of the property to satisfy the amount in controversy in exercising diversity jurisdiction over appeal of foreclosure-related claims).

19.    Additionally, this Court may also consider actual damages and attorney's fees in determining the amount in controversy. *See White*, 319 F.3d at 675–76; *St. Paul Reins. Co.*, 134 F.3d at 1253 n.7.

20.    Based on a review of the Petition and the evidence presented, the amount at issue exceeds $75,000, exclusive of interest and costs. First, as a result of Plaintiffs' claim seeking to enjoin a foreclosure sale of Wells Fargo's lien against the Property, the entire value of the Property is squarely at issue. *See Knox*, 351 F. App'x at 848; *Waller*, 296 F.2d at 547–48. According to the Hidalgo County Appraisal District, the market value of the Property is $102,155. *See* **Exhibit C**.[2] Second, Plaintiffs expressly allege that they seek at least $200,000 in

---

[2] Pursuant to Rule 201 of the Federal Rules of Evidence, Defendant respectfully requests that the Court take judicial notice of the Hidalgo County Appraisal District tax record for the Property.

actual damages and attorney's fees. Pet., ¶¶ II, XII. Although Wells Fargo and MERS vehemently deny that Plaintiffs are entitled to any damages, including this $200,000 figure in the amount in controversy calculus with the $102,155 value of the Property demonstrates that the value of the relief sought by Plaintiffs in this matter exceeds $75,000, exclusive of interest and costs.

21. Because there is complete diversity among the parties and the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Therefore, removal is proper.

## IV. PRAYER

WHEREFORE, Defendants Wells Fargo Bank, N.A. and Mortgage Electronic Registration Systems, Inc. remove this action from the 139th Judicial District Court of Hidalgo County, Texas, to the United States District Court for the Southern District of Texas, McAllen Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

_/s/ Daniel Durell_

**Robert T. Mowrey (Attorney-in-Charge)**
 State Bar No. 14607500
 S.D. Tex. Bar No. 9529
 rmowrey@lockelord.com
**Marc D. Cabrera**
 State Bar No. 24069453
 S.D. Tex. Bar No. 1093318
 mcabrera@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
(214) 740-8000
(214) 740-8800 (Facsimile)

**Daniel Durell**
 State Bar No. 24078450
 S.D. Tex. Bar No. 2745564
 daniel.durell@lockelord.com
**LOCKE LORD LLP**
600 Congress Ave., Suite 2200
Austin, Texas 78701
(512) 305-4700
(512) 305-4800 (Facsimile)

**ATTORNEYS FOR DEFENDANTS WELLS FARGO BANK, N.A. AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing was served as indicated on this 5th day of April 2017 to the following:

**VIA FACSIMILE AND U.S. MAIL**
Juan Angel Guerra
Law Office of Juan Angel Guerra
1021 Fair Park Blvd.
Harlingen, Texas 78550
956-428-1600
956-428-1601 Fax
*Attorneys for Plaintiff*

_____
Daniel Durell