UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| SARAGOZA GOMEZ, *et al*, § § Plaintiffs, § VS. § WELLS FARGO BANK, N.A., *et al*, § § Defendants. § | § § § § CIVIL ACTION NO. 7:17-CV-118 § § § § § |

## **OPINION**

The Court now considers the motion to dismiss,[1] filed by Wells Fargo Bank, N.A. ("Wells Fargo") and Mortgage Electronic Registration Systems, Inc. ("MERS"). The motion is now unopposed, as Saragoza and Anita Gomez ("Plaintiffs") did not file a response.[2] After duly considering the record and relevant authorities, the Court **GRANTS** the motion to dismiss.

### I. Background

In 2006, Plaintiffs received a loan from Fidelity Home Mortgage Corporation[3] ("Fidelity"), secured against their property at 3000 Princeton Avenue, McAllen, Texas 78504 ("Property").[4] Subsequently, in 2009, MERS, as nominee of Fidelity,[5] assigned the Note and Deed of Trust to Wells Fargo ("loan assignment").[6] Plaintiffs allege that they made timely mortgage payments for more than ten years, but "due to unexpected circumstances[,] Plaintiffs stayed behind on some payments."[7] Plaintiffs further allege that they requested a loan

---

[1] Dkt. No. 3.
[2] L.R. 7.2.
[3] As of this date, Fidelity has not been served with service of process.
[4] Dkt. No. 3-1, at pp. 4–11.
[5] *Id.* at p. 5.
[6] Dkt. No. 3-3, at p. 3.
[7] Dkt. No. 1-1, at p. 5.

modification from Wells Fargo, but never heard back from the bank.[8] However, Wells Fargo and MERS attached a 2016 loan modification agreement ("loan modification agreement") between Plaintiffs and Wells Fargo.[9] Ultimately, in March 2017, Plaintiffs were informed that the Property was set for foreclosure.[10]

Plaintiffs allege breach of contract, wrongful foreclosure, and Texas Property Code causes of action against Wells Fargo, MERS, and Fidelity ("Defendants") without generally distinguishing one defendant from the others.[11] In certain instances, however, Plaintiffs do refer to "Defendant Bank."[12] Plaintiffs further request a temporary restraining order to enjoin Defendants from taking the necessary steps to foreclose on the Property,[13] while also arguing that Defendants have failed to comply with the Home Affordable Refinance Program and the 2012 National Mortgage Settlement.[14] Plaintiffs additionally contend that there is "no proof that Defendants are the correct successors-in-interest."[15] The Court now turns to its analysis of the instant motion to dismiss.

## II. Legal Standard

The general rule is that "in deciding whether to grant a motion to dismiss, a district court may not go outside the complaint."[16] However, there is an exception that "a district court may consider documents attached to the motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim."[17] Here, there are three documents attached to the motion to dismiss: (1) the Deed of Trust, (2) the loan modification agreement, and (3) the

---

[8] *Id.* at pp. 5–6.
[9] Dkt. No. 3-2.
[10] *Id.* at p. 6.
[11] *Id.* at pp. 9–10.
[12] *See e.g.*, Dkt. No. 1-1, at pp. 6, 8.
[13] Dkt. No. 3-2, at p. 9.
[14] *Id.* at pp. 6–7.
[15] *Id.* at p. 8.
[16] *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 (5th Cir. 2012) (internal quotation marks and citation omitted).
[17] *Id.* (citation omitted).

loan assignment.[18] Plaintiffs either refer to each of these documents in their pleading or otherwise indicate the lack of their existence.[19] Each document is additionally central to Plaintiffs' claims because this suit alleges among other things that: (1) Defendants breached an agreement with Plaintiffs under the Deed of Trust, (2) Defendants did not work with Plaintiffs to modify the loan agreement, and (3) Defendants have no standing to foreclose on the Property. As a result, the court may, and will, consider the attached documents during its analysis of the motion to dismiss.

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[20] This does not require detailed factual allegations, but it does require "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."[21] The Court regards all such well-pleaded facts as true and views them in the light most favorable to the plaintiff.[22] Considered in that manner, factual allegations must raise a right of relief above the speculative level.[23]

Pursuant to the Supreme Court precedent set forth in *Ashcroft v. Iqbal*,[24] the Court first disregards from its analysis any conclusory allegations as not entitled to the assumption of truth.[25] The Court then undertakes the "context-specific" task of determining whether well-pleaded allegations give rise to an entitlement of relief to an extent that is plausible, rather than

---

[18] Dkt Nos. 3-1–3.3.
[19] *See* Dkt. No. 1-1 at p. 5 ("Plaintiffs, Saragoza Gomez and Anita Gomez, executed a Deed of Trust[.]"); *Id.* at p. 6 ("Defendants have not assist[ed] Plaintiffs to have their loan modified."); *Id.* at p. 8 ("There is also no proof that Defendant[] [Wells Fargo is] the correct successor[]-in-interest.").
[20] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell v. Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)) *cert. denied*, 552 U.S. 1182 (2008) (internal quotations omitted).
[21] *Twombly*, 550 U.S. at 555.
[22] *Id.*
[23] *In re Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555).
[24] 556 U.S. 662 (2009).
[25] *See id.* at 678–79.

merely possible or conceivable.[26] The "plausibility" standard requires the complaint to state "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements."[27] As the Supreme Court recently clarified, the plausibility standard concerns the factual allegations of a complaint; the federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted."[28]

### III. Discussion

In reviewing the original petition and the documents attached to the motion to dismiss, it is clear that Wells Fargo holds the Note and Deed of Trust, and is the particular defendant seeking foreclosure of the Property. Accordingly, the Court construes the presented causes of action with this background in mind despite the fact that the petition does not so distinguish. The Court will now determine whether Plaintiffs survive the Rule 12(b)(6) legal standard for any cause of action against Defendants.

#### a. *Breach of Contract*

To prevail on a breach of contract claim under Texas law, a plaintiff must demonstrate "(1) the existence of a valid contract; (2) performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach."[29] Plaintiffs' breach of contract claim is that Defendants attempted to foreclose on the Property without providing notice, and "[a]s a result of such breach of contract, Plaintiffs have been injured."[30] The Fifth Circuit has explained that "a claim for breach of a note and deed of trust

---

[26] *See id.* at 679–80.
[27] *In re So. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).
[28] *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 346–47 (2014).
[29] *Sport Supply Grp., Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 465 (5th Cir. 2003).
[30] Dkt. No. 1-1, at pp. 9–10.

must identify the specific provision in the contract that was breached."[31] Plaintiffs not only fail to identify the specific contractual provision that was breached, but they also acknowledge their failure to perform under the Note by missing payment deadlines.[32] Additionally, Plaintiffs do not specify what damages they suffered and how those damages were caused by a breach of contract. As a result, Plaintiffs are unable to establish their breach of contract claim.

### b. *Wrongful Foreclosure*

Plaintiffs argue that the alleged breach of contract constitutes wrongful foreclosure because "Plaintiffs were never provided with any opportunity, or realistic opportunity to cure the default, or to make arrangements that are financially within the Plaintiffs' means to bring the account to current status."[33] A wrongful foreclosure cause of action has the following elements under Texas law: "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price."[34] Here, there is no indication that a foreclosure sale has even occurred as Plaintiffs specifically request a temporary restraining order preventing Defendants from "[t]aking any step to foreclose for the sale[] of the [P]roperty, if no foreclos[ure] has taken place."[35] Not only is it unclear whether any Defendant has foreclosed on the Property, but Plaintiffs fail to make any argument that the Property was sold for a "grossly inadequate selling price." Without doing so, they are unable to satisfy all of the essential elements for a wrongful foreclosure cause of action.

---

[31] *Williams v. Wells Fargo Bank, N.A.*, 560 Fed. Appx. 233, 238 (5th Cir. 2014).
[32] Dkt. No. 1-1, at p. 5 ("Ordinarily, [P]laintiffs would be making their mortgage payments timely; however, due to unexpected circumstances[,] Plaintiffs stayed behind on some payments.").
[33] *Id.* at p. 10.
[34] *Foster v. Deutsche Bank Nat'l Trust Co.*, 848 F.3d 403, 406 (5th Cir. 2017).
[35] Dkt. No. 1-1, at p. 9.

### c. Texas Property Code Violations

Plaintiffs further contend that Defendants failed to "follow[] the Texas Property Code in the foreclosure of homesteads."[36] Plaintiffs allege that while they have notified Defendants "of their situation and have made reasonable efforts to reach an agreement with Defendants for the purpose of salvaging the account and property/homestead[,] . . . Defendants refused to negotiate or to accept Plaintiffs['] reasonable proposal to cure the [N]ote."[37] Plaintiffs fail to identify any particular provision of the Texas Property Code or provide any additional context for this cause of action. Elsewhere in the petition, Plaintiffs explain that they have made "bonafide efforts and offers to pay" and requested a loan modification, but Defendants have "not assist[ed] Plaintiffs to have their loan modified."[38] However, Plaintiffs and Wells Fargo did previously enter into a loan modification agreement.[39] In light of the fact that Wells Fargo modified Plaintiffs' loan and because Plaintiffs do not articulate any violated provisions of the Texas Property Code, this cause of action likewise fails to survive the Rule 12(b)(6) legal standard.

### d. Standing to Foreclose on the Property

Plaintiffs also argue that Defendants lack standing to foreclose on the Property because they are not the correct successor-in-interest.[40] MERS, according to the Deed of Trust, was granted "the right to foreclose and sell the Property."[41] Thus, it is clear that MERS is authorized to foreclose. While Wells Fargo was not the bank that entered into the original loan with Plaintiffs, the associated Note and Deed of Trust was assigned to Wells Fargo via the loan assignment from MERS.[42] The Fifth Circuit has ruled that the assignment of a deed of trust to a

---

[36] *Id.* at p. 10.
[37] *Id.*
[38] *Id.*
[39] *See* Dkt. No. 3-2.
[40] Dkt. No. 1-1, at pp. 8–9.
[41] Dkt. No. 3-1, at p. 5.
[42] Dkt. No. 3-3, at p. 3.

third party "confer[s] the new assignee standing to non-judicially foreclose on property associated with that particular deed of trust."[43] As a result, Wells Fargo and MERS have standing to foreclose on the Property. The Court disregards Fidelity as it has not been served.

### e. *Home Affordable Refinance Program and National Mortgage Settlement*

Plaintiffs also note that Wells Fargo is a participant in the Home Affordable Refinance Program ("HARP") and a party to the National Mortgage Settlement ("NMS").[44] Plaintiffs contend that Wells Fargo did not assist them with HARP, even though the program was created "specifically to help homeowners like Plaintiffs[,] who are current[ly] behind on their mortgage payments and have little to no equity in their homes, refinance their mortgage."[45] Plaintiffs do not provide enough facts to suggest Wells Fargo violated HARP, and even if they did, it is unclear whether there is a private right of action to enforce HARP. Plaintiffs do not provide any authority indicating such a private right of action, and other courts have found no private right of action to enforce HARP.[46]

Similarly, Plaintiffs are unable to state a claim against Wells Fargo for violating the NMS. Plaintiffs explain that under the NMS, "banks cannot pursue a foreclosure while simultaneously working with homeowner on a mortgage modification. This is call[ed] 'dual tracking[].[']"[47] Plaintiffs further argue that Wells Fargo "must appoint a single point of contact to help [Plaintiffs] through the loan workout process."[48] Plaintiffs are unable to state a claim on their NMS allegations. Plaintiffs do not allege that they were parties to that settlement agreement, and the agreement does not create any rights in third parties. Furthermore, Plaintiffs

---

[43] *Reece v. U.S. Bank Nat. Ass'n*, 762 F.3d 422, 425 (5th Cir. 2014).
[44] Dkt. No. 1-1, at pp. 6–7.
[45] *Id.* at p. 6.
[46] *See e.g. Kelsey v. Citigroup Inc.*, 2013 WL 1249832, at *2 (D. Nev. Mar. 26, 2013); *In re Residential Capital, LLC*, 2014 WL 5358762, at * 9 (Bankr. S.D.N.Y. Oct. 20, 2014).
[47] Dkt. No. 1-1, at p. 7.
[48] *Id.*

never contend that Wells Fargo was pursuing foreclosure of the Property at the same time it was actively working on a mortgage modification with Plaintiffs. In fact, Plaintiffs previously acknowledged that Wells Fargo *was not* working with them on a mortgage modification: "Plaintiffs previously requested their appropriate modification loan package from [Wells Fargo], but Plaintiffs never heard back from [Wells Fargo] until Plaintiffs were made aware that their home was to be foreclosed[.]"[49] Even though the Court acknowledges that Plaintiffs and Wells Fargo did enter into a loan modification agreement, contrary to Plaintiffs' contention, there is nothing in the complaint to suggest that Wells Fargo was ever simultaneously working on a loan modification and pursuing foreclosure. Again, even if Plaintiffs provided enough facts to suggest Wells Fargo violated the NMS, it is clear Plaintiffs were not a party to that settlement. Plaintiffs do not provide any authority indicating a private right of action was created, and other courts have found no private right of action to enforce a consent decree such as the NMS.[50]

Plaintiffs additionally make clear that the federal government previously investigated allegations of "robo-signing," a process whereby "banks signed off on foreclosures without thoroughly reviewing the documentation[.]"[51] However, nowhere in the complaint do Plaintiffs specifically allege that Wells Fargo engaged in "robo-signing." In sum, each claim under HARP and the NMS fail to state a claim under Rule 12(b)(6).

### f.    *Temporary Restraining Order*

Plaintiffs further request a temporary restraining order to prevent Wells Fargo from:

1.      Entering the premises located at [the Property].

---

[49] *Id.* at pp. 5–6.
[50] *See e.g. Reyes v. Wells Fargo Bank, N.A.*, 2016 WL 6915269, at *5 (N.D. Tex. Oct. 19, 2016) (finding that Plaintiff did not have standing to assert a claim for relief under the consent judgment or consent order in a case where she argued that Wells Fargo violated the National Mortgage Settlement by engaging in "dual tracking"); *Reynolds v. Bank of America, N.A.*, 2013 WL 1904090, at * 10 (N.D. Tex. May 8, 2013) (noting how "courts that have addressed this issue have held that mortgagors like Plaintiffs do not have standing to enforce a consent decree that banks have entered into with the government").
[51] Dkt. No. 1-1, at p. 7.

2. Forcibly removing Plaintiffs [] and/or [their] family and/or [their] personal property from the premises located [at the Property.]

3. Taking any action and/or affirmative steps to remove Plaintiffs and/or the[ir] family from the premises located [at the Property].

4. Enforcing any judgment and/or writ o[f] possession with respect [to] the premises located at [the Property,] [a]nd/or other acts that will tend to interfere with Plaintiffs' occupation and/or enjoyment of the premises located at [the Property], including the foreclosure of said property as scheduled.

5. Taking any step to foreclose for the sale[] of the [P]roperty, if no foreclos[ure] has taken place.[52]

For the Court to grant the requested injunctive relief, Plaintiffs have the burden of establishing "[(1)] a substantial likelihood of success on the merits; [(2)] a substantial threat of immediate and irreparable harm for which it has no adequate remedy at law; [(3)] that greater injury will result from denying the temporary restraining order than from its being granted; and [(4)] that a temporary restraining order will not disserve the public interest."[53]

As more fully explained above, none of Plaintiffs' claims survive the Rule 12(b)(6) legal standard. Accordingly, Plaintiffs are unable to establish the first required element for injunctive relief, and thus the Court will not issue the temporary restraining order.

**IV. Holding**

As noted earlier, while the original petition alleges causes of action against Wells Fargo, MERS, and Fidelity, the record suggests that Wells Fargo holds the Note and Deed of Trust and is the particular defendant seeking foreclosure of the Property. Since the Court finds that Plaintiffs failed to state a claim on any of their causes of action against any Defendant, the Court finds dismissal of all claims is appropriate. For all the foregoing reasons, the Court **GRANTS**

---

[52] *Id.* at p. 9.
[53] *Acumen Enterprises, Inc. v. Morgan*, 2011 WL 1227781, at *2 (citing *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987)).

the motion to dismiss as to Wells Fargo, MERS, and Fidelity. All of Plaintiffs' claims are hereby **DISMISSED WITH PREJUDICE**. A separate final judgment will issue.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 1st day of May, 2017.

_____
Micaela Alvarez
United States District Judge